

# In the United States Court of Federal Claims

No. 16-918C
(Filed December 19, 2016)
NOT FOR PUBLICATION

**FILED**

DEC 1 9 2016

U.S. COURT OF
FEDERAL CLAIMS

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                            *
BILLY DRIVER,                               *
                                            *
                    Plaintiff,              *
                                            *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                    Defendant.              *
                                            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## ORDER

Billy Driver, a *pro se* plaintiff, filed a complaint in this case on August 1, 2016. Although Mr. Driver named the Attorneys General of the U.S. and of California as the defendants in the caption of his pleading, our court has captioned the case as against the United States, as that is the only proper defendant in cases filed in our court. *See* Rules of the United States Court of Federal Claims (RCFC) 10(a); *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978); *Clark v. United States*, No. 11-10C, 2014 WL 3728172, at *9 (Fed. Cl. July 28, 2014). Plaintiff seeks preliminary and permanent injunctions as well as money damages for alleged civil rights and human rights violations, and purports to bring the matter on behalf of a class of prisoners. Compl. at 2. In particular, Mr. Driver asserts claims against the Department of Justice, the Office of the United States Attorney General, Loretta Lynch as Attorney General, and the Attorney General for the State of California, Kamala Harris, for violations of the United States Constitution by "denying class members the right to access the court for redress and monetary damages under the 7th Amendment right to jury trial and under the 14th Amendment Due Process and Equal Protection" clauses. Compl. at 4. Mister Driver also cites the Civil Rights Act, 42 U.S.C. § 1983 et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Compl. at 1. The complaint contains no specific factual allegations.

Defendant moved to dismiss this case for lack of jurisdiction on September 30, 2016, pursuant to RCFC 12(b)(1). In support of its motion, the government argues that this court does not have jurisdiction over plaintiff's claims arising under the Due Process Clause or the Equal Protection Clause, because these clauses are not money-mandating. Mot. at 3. Similarly, the government argues that this court does not have jurisdiction over claims "sounding in tort or for civil wrongs committed by agents of the United States," "for declaratory or injunctive relief outside the bid protest context," "for civil rights violations," or "when the defendant is other than the United States." Mot. at 3 (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Shearin v. United States*, 992 F.3d 1195 (Fed. Cir. 1993); *James v. Caldera*, 159 F.3d 573 (Fed. Cir. 1998); *Mitchell v. United States*, 230 Ct. Cl. 827 (1982); *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003)).

Pursuant to the Rules of the United States Court of Federal Claims (RCFC), plaintiff is required to respond to a motion seeking dismissal under RCFC 12(b) within 28 days of service. RCFC 7.2(b)(1). Plaintiff's response to the government's motion to dismiss was due on or by October 31, 2016. Plaintiff has not filed a response. The failure to timely respond to a motion to dismiss a case, by itself, warrants dismissal of the case for failure to prosecute and to comply with these rules. *See* RCFC 41(b).

Additionally, plaintiff has not paid the filing fee in this case, nor has he filed an application to proceed *in forma pauperis*, which also warrants dismissal of the case for failure to comply with the Court's rules. *See* RCFC 77.1(c); RCFC 41(b); *see also Sellers v. United States*, 110 Fed. Cl. 62, 69 (2013) (dismissing case and refusing to transfer to another federal court where this court lacked jurisdiction and plaintiffs failed to pay the court's filing fee or file an application to proceed *in forma pauperis*).

Taking into consideration plaintiff's *pro se* status, however, the Court has examined the complaint. Nothing in this pleading alleges a cause of action over which this court has jurisdiction.

This court's jurisdiction must be based on the alleged existence of a contract with the federal government or on a violation by the federal government of a law or constitutional provision mandating the payment of money. 28 U.S.C. § 1491(a)(1); *see also Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (holding that a plaintiff must plead the elements of a valid contract in order to establish jurisdiction based on a contract with the United States); *United States v. Testan*, 424 U.S. 392, 398 (1976) (noting that the Tucker Act confers jurisdiction only where the federal statute allegedly violated confers "a substantive right to recover money damages from the United States"); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005) (holding that this court's jurisdiction "must be based on a law or regulation that either entitles the plaintiff to a payment of money from the

government, or places a duty upon the government, the breach of which gives the plaintiff a money damages remedy"); *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution"). Mister Driver identifies no such source.

First, Mr. Driver has not alleged the existence of a contract with the federal government, and the court therefore has no jurisdiction on that basis. Second, the government is correct that this court lacks jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1) (limiting jurisdiction to "cases not sounding in tort"); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013).

In order for this court to have jurisdiction over Mr. Driver's constitutional claims, the claims must arise from a provision that is money-mandating. 28 U.S.C. § 1491(a)(1). As a preliminary matter, the Fourteenth Amendment does not apply to federal officials. *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)). Assuming that Mr. Driver meant to assert claims under the Fifth Amendment, the relevant provisions are not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the equal protection and due process components of the Fifth Amendment are not money-mandating) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)). To the extent that Mr. Driver is attempting to assert a Fifth Amendment due process claim, that provision is also not money-mandating.[1] *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clauses of both the Fifth and the Fourteenth Amendments are not money-mandating); *Brown v. United States*, 227 Ct. Cl. 786, 787 (1981) (finding no jurisdiction over a claim alleging deprivation of liberty in violation of the Fifth Amendment).

Similarly, this court has no jurisdiction over Mr. Driver's claims under the Seventh Amendment, because that provision is not money-mandating. *Vuolo v. United States*, No. 2006-5136, 2006 WL 3913417 (Fed. Cir. Dec. 29, 2006) (affirming holding below that this court lacks jurisdiction over alleged violations of "the First, Second, Fourth, Sixth, Seventh, Eighth, and Ninth Amendments because these amendments do not mandate the payment of money") (citing *LeBlanc v. United States*, 50 F.3d at 1028).

---

[1] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

Likewise, there is nothing in the Tucker Act granting this court jurisdiction over claims alleging civil rights violations or human rights violations. *See* 28 U.S.C. § 1491. To the extent that Mr. Driver is attempting to assert civil rights claims pursuant to 42 U.S.C. § 1983, this court lacks jurisdiction, because the district courts have exclusive jurisdiction over claims arising under the Civil Rights Act. *Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007) (finding that this court has no jurisdiction over civil rights claims brought under 42 U.S.C. § 1983); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.") (citing *Wildman v. United States*, 28 Fed. Cl. 494, 495 (1993); *Osborn v. United States*, 47 Fed. Cl. 224, 232 (2000)).

This court also lacks jurisdiction over any claims Mr. Driver may have under the ADA, because "the ADA is not a money-mandating source of law." *Allen v. United States*, 546 Fed. Appx. 949, 951 (Fed. Cir. 2013) (citing *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009)).

Mister Driver is also seeking preliminary and permanent injunctions. The court cannot exercise jurisdiction over his claims for injunctive relief because – other than in limited circumstances, none of which apply here[2] – this court only has jurisdiction over claims for money damages. *Testan*, 424 U.S. at 398.

Finally, to the extent that Mr. Driver's complaint is against a defendant other than the United States, including his claims against Ms. Harris, this court lacks jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (granting jurisdiction over claims "against the United States").

---

[2] This court also has jurisdiction: (1) to provide relief in addition to money damages "as an incident of and collateral to any such [money] judgment" over which it has jurisdiction, 28 U.S.C. § 1491(a)(2); (2) over contract disputes arising under 41 U.S.C. § 7104(b)(1), 28 U.S.C. § 1491(a)(2); and (3) over bid protests brought "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement," 28 U.S.C. § 1491(b). Because Mr. Driver has not identified a basis for this court to exercise jurisdiction over a claim for money damages, this court has no jurisdiction to provide additional relief "incident of and collateral to" such money judgement. His complaint is not a contract dispute brought under 41 U.S.C. § 7104(b)(1), nor is it a complaint brought "by an interested party objecting to a solicitation by a Federal agency."

Thus, defendant's motion to dismiss this case for lack of subject-matter jurisdiction is **GRANTED**.  The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge